THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES M. COHEN, Defendant-Appellant.

Second District No. 79-275

Opinion filed May 5, 1980.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was convicted of theft of property worth more than $150 and appeals his conviction on the ground that at his trial he did not receive the effective assistance of counsel.

The defendant entered a jewelry store where he had some acquaintance with the owner and where he previously had left a ring for appraisal. He inspected a sapphire ring and another ring and asked a question about the other ring. While the clerk was in the back of the store finding out the answer to the question the defendant had asked, the defendant was observed through a one-way mirror by another employee, approaching the area where the sapphire ring had been laid away by the clerk. Becoming suspicious, this employee called out for someone to call the police and ran to the front of the store where he observed the defendant with something in his hand. The employee noticed at the same time that the sapphire ring was gone from its usual place. At this point the defendant walked hurriedly out of the store and the employee and a partner of the jewelry firm chased him. The defendant was finally apprehended and admitted taking the ring from the store and throwing it into some shrubbery while being pursued. The ring was afterward recovered. The defendant's defense was that he did not intend to steal the ring but he ran in panic when the store employee shouted that the police should be called because he, the defendant, was inordinately afraid of being put in jail due to an unfortunate experience—being raped—he had suffered previously while in jail. The defendant thus contended that his flight was not an indication that he intended to steal the ring. The jury found the defendant guilty of theft.

In this appeal, the defendant bases his contention that he did not receive the effective assistance of his private counsel on four grounds: (1)

defense counsel failed to object to the State's Attorney's asking whether the defendant believed certain witnesses had lied in their testimony; (2) defense counsel failed to direct a defense witness—defendant's father—to leave the courtroom after an exclusion order, with the result the witness was present during testimony of other witnesses and the trial court sustained an objection to his testifying; (3) defense counsel called the store owner—who was not present at the theft—as a defense witness, without first verifying his testimony, resulting in unexpected testimony being given which to some extent repudiated the defendant's testimony and (4) defense counsel failed to file a post-trial motion.

The basis of the first point is that no objection was made by defense counsel when, after recounting a discrepancy in defendant's testimony, the prosecutor inquired of defendant if he believed another witness was lying. This sort of question is properly frowned on and should not be permitted. If objected to, it would be proper to sustain the objection. (*People v. Hicks* (1971), 133 Ill. App. 2d 424; *People v. Riley* (1978), 63 Ill. App. 3d 176.) However, it has been held not sufficiently grave to merit a new trial where there is overwhelming evidence against the defendant. (*People v. Spates* (1978), 62 Ill. App. 3d 890; *People v. White* (1977), 52 Ill. App. 3d 517.) In the case before us, there is no doubt the defendant committed the act of taking the ring, which he admitted. The only issue defendant raises in this connection is whether he thereby intended to commit the crime of larceny by permanently depriving the owner of the ring. This subjective "state of mind" defense, more or less invited the State's Attorney to challenge the veracity of the defendant as to his state of mind by asking if the other witnesses were lying when they testified to actions inconsistent with an innocent state of mind. While this sort of cross-examination is objectionable on the ground that it invades the province of the jury, whose function it is to judge the credibility of witnesses, in certain situations it is not of the magnitude of reversible error. This, we believe, was such a situation. Nor is it of the gravity of plain error, and not having been objected to, the question was waived.

■■ We must ask, then, does it necessarily show such incompetence not to have objected to the prosecutor's question as to constitute lack of adequate representation? In this case, we think not. It is possible that defense counsel was fearful of highlighting the discrepancy by objecting to the question. If emphasized by objection, the question whether the defendant or the witnesses were lying may have assumed greater importance in the minds of the jury and, if resolved in their minds against the defendant, considerable harm would result to the defense. In any event, the failure to object was not so serious as to require reversal in view of the overwhelming evidence of defendant's guilt.

■■ The error of defense counsel in failing to direct a witness to leave

the courtroom after an exclusion order was apparently mere inadvertence. The witness, defendant's father, had just arrived in the courtroom from out of town and defense counsel failed to identify him as a witness and did not require him to leave the courtroom. This does not necessarily indicate carelessness. In any event, however, the witness was a minor one, neither an occurrence nor an alibi witness, and he was slated for a very brief time on the witness stand. It is unlikely that his testimony could have been substantially helpful or its absence materially damaging. Considering the relationship of the witness to the defendant, we assume the testimony would have been palliative in nature and because of that relationship not of critical effect.

Another example cited by the defendant of defense counsel's ineptitude is that he called as a witness the jewelry store owner—who was not present at the theft—intending, apparently, to corroborate by his testimony that the defendant was on terms of friendship with the owner, that he had been allowed access by him to parts of the store not permitted to customers generally, and that his allegedly suspicious activities in the store were due to his familiarity with the premises—for example, going beyond a certain area where the general public did not venture, was not, in his case, suspicious. Moreover, his relationship with the store owner was such as to repudiate the idea of stealing from him. Defense counsel had apparently counted on the store owner giving testimony more or less in line with the defendant's claim of friendship with the owner and his familiarity with the store. Actually, however, the store owner answered rather negatively and in some cases contrary to the defendant's contention of special privilege, thus hurting the defendant's case more than it helped it.

■ It is contended by the defendant that this result is *prima facie* evidence of defense counsel's incompetence since it indicates that he failed to ascertain what the nature of the witness' testimony would be before putting him on the stand and thus opened the door to having his client's story impeached on cross-examination. We think, however, that his implication is not necessarily deserved. The witness' testimony on direct examination was not inconsistent with defendant's own testimony; however, on cross-examination some discrepancies were brought out. This is not necessarily a reflection on defense counsel—cross-examination often dilutes or qualifies answers given in direct examination. In any event, however, the fact that on the whole the effect of the witness' testimony was negative does not necessarily reflect on defense counsel. With such a weak case, he desperately needed a witness to bolster the defendant's own testimony and establish that the defendant's relationship with the store owner and his familiarity with the premises gave an innocent cast to his being in an area not permitted to the general public.

With only the testimony of the other store employees to judge by the jury was not likely to believe the defendant's explanation of his incursion into the restricted area where he picked up the ring. Defense counsel may well have taken a gamble as a matter of trial strategy that the store owner's testimony would, on the whole, support the defendant's contention that he had been in restricted areas before, with the owner's permission. If the owner had not been called at all, there would be no chance of explaining away the harmful testimony of the other store employees. Therefore, there was little to lose in calling the owner. Under these circumstances, we cannot fault defense counsel for risking the chance of adverse replies from a necessary witness under cross-examination. Whatever harm was done by his presence would probably have resulted, in any event, in his absence.

 Finally, defendant points to the fact that defense counsel failed to file a post-trial motion following defendant's conviction. Upon reflection the answer to this criticism is obvious. In the present appeal, the appellate defender has not raised any errors except those matters mentioned above which the defender asserts reflect incompetence of counsel. If there were other substantial errors which defense counsel failed to note and object to, they are not mentioned in this appeal and we must assume the points discussed above are felt to be the only grounds for casting doubt on defense counsel's competence. Nor do we note anything in the record amounting to plain error. It is obvious, therefore, that nothing was lost by failing to file a post-trial motion—defense counsel could hardly have pleaded his own incompetence as a ground for granting a new trial. The only possible ground of appeal set out in the defendant's brief seems to have been the State's Attorney's aggressive cross-examination of the defendant when he demanded to know whether the defendant thought certain witnesses were lying. This question was not objected to, hence not subject to post-trial motion, but, as noted above, even if objected to at the time and overruled, this would not have been a cause for a new trial in view of the weakness of the defendant's case and the evidence against him. The other matters are, in one case, an inadvertent mistake by defense counsel resulting in the exclusion of a minor witness, and a matter of trial strategy which misfired. No post-trial motion was in order on either of these and since there were no grounds for a post-trial motion, defense counsel cannot be accused of incompetence in failing to file one.

We find no reason for a new trial based on incompetence of counsel.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and LINDBERG, J., concur.