THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PAULA FORD, Defendant-Appellant.

Third District   No. 82—483

Opinion filed March 29, 1983.

Robert Agostinelli and Gary Hicks, both of State Appellate Defender's Office, of Ottawa, for appellant.

John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of Ottawa, for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial on May 17 and 18, 1982, in the circuit court of Fulton County, the defendant, Paula Ford, was found guilty of the offense of unlawful delivery of cannabis. (Ill. Rev. Stat. 1979, ch. 56½, par. 705(c).) She was subsequently sentenced to probation for a term of 30 months. The conditions of probation included 63 days of periodic imprisonment to be served weekdays in the Fulton County jail and treatment for alcohol and drug abuse.

The State's sole occurrence witness, Donna Jean Kurlinkus, testified that she was a Warren County deputy sheriff assigned to the Multi-County Narcotic Enforcement Group. On February 26, 1981, while working as an undercover agent, Kurlinkus told the defendant that she was looking for some cannabis. Following the defendant's directions, Kurlinkus and the defendant drove to an alley behind 421 North Main Street in Canton, Illinois. The defendant then knocked on a door to an apartment and entered after the door was opened. About three minutes later, the defendant came back to the car and gave Kurlinkus a clear plastic bag containing a brownish leafy substance, later identified as cannabis. Kurlinkus agreed to the price of $35, and gave the defendant the money.

The defendant's version of the events of February 26, 1981, varied from Kurlinkus' account. She testified that after Kurlinkus approached her in regards to obtaining some "pot," the defendant took her to an apartment at 421 Main Street in Canton, Illinois. A person named "Hippie" resided in the apartment. Kurlinkus asked Hippie if he had any pot, and he placed two bags on the coffee table and told Kurlinkus to choose. After the undercover agent chose one, Hippie weighed it and Kurlinkus paid him. The defendant and Kurlinkus left the apartment with the bag. There were no other defense witnesses.

On appeal, the defendant contends that she was denied her constitutional right to a fair trial by the improper comments made by the prosecutor during closing argument. The defendant claims that she was prejudiced by the prosecutor's improper assertions that the State's sole occurrence witness was more credible because she was a police officer. She also claims that she was prejudiced by the prosecutor's inflammatory reference to the children in the jurors' community.

The State argues that the defendant has waived any alleged errors during closing argument because of her failure to specifically object during the trial to the prosecutor's comments regarding the credibility of Agent Kurlinkus and to include the alleged error in her post-trial motion. The defendant also failed to include the alleged error concerning the inflammatory comment in her post-trial motion.

■■■ Contrary to the State's contention, defendant did object to the allegedly improper remarks of the prosecutor during the trial, but then failed to include the alleged errors in the post-trial motion for a new trial. The failure to include the alleged errors in the post-trial motion waives the issues on appeal. *People v. Bainter* (1981), 102 Ill. App. 3d 1029, 430 N.E.2d 721.

The defendant argues that if the alleged errors were waived, this court should consider them as matters of plain error. (87 Ill. 2d R. 615(a).) Rule 615(a) permits a reviewing court to take notice of errors appearing on the record which deprive the defendant of a fair and impartial trial and, in criminal cases in which the evidence is closely balanced, to consider errors not properly preserved for review. *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403.

When the outcome of a case depends on which of two witnesses the jury believes to be more credible, the evidence can be described as closely balanced. We cannot, as the State urges, so easily discount the defendant's story as being obviously implausible. And since the allegedly improper remarks directly deal with the pivotal issue of credibility, we will consider the errors not properly preserved for review in order to determine whether the balance may have been tipped in favor of the State as a result of trial error.

■■ During closing arguments, the prosecution made the following remarks which the defendant characterizes as an assertion that the State's witness was more credible because she was a police officer:

"Now, on the one hand you have got Donna Kurlinkus. She is a sworn Warren County Deputy, and on the other you have got Paula Ford who, in the words of her attorney, is a drug addict.

BY MR. RAMSEY: Was *** Objection to that, Your Honor.

BY MR. HOMER: Your Honor, Counsel is trying to interject his argument in mine.

BY THE COURT: You may continue.

BY MR. RAMSEY: Counsel is not characterizing the evidence in this case, Your Honor.

BY THE COURT: Well, you can correct it, Mr. Ramsey. You may continue.

BY MR. HOMER: Thank you.

BY MR. RAMSEY: Excuse me, Mr. Homer.

BY MR. HOMER: On the one hand you have got Donna Kurkinkus who, in addition to being a Warren County Deputy, is a person of impecable [*sic*] credentials versus an individual, Paula Ford, who by her own testimony to you people in her own community didn't trust.

You have Donna Kurlinkus who is a member of the Multi-County Drug Enforcement Group, MEG, with eight years of integrity serving in this community versus the Defendant, Paula Ford, who, again, in the words of her attorney, was a member of the drug scene.

\* \* \*

You have the agent, Donna Kurlinkus, a sworn police officer working on assignment to the Multi-County Drug Enforcement Group.

\* \* \*

Why would Donna Kurlinkus, a sworn Warren County Deputy, pull a charade like this and lie and perjure herself for a lousy 15 gram purchase of marijuana?

\* \* \*"

The prosecutor was certainly aware of the fact that credibility was an important issue in this case. However, a police officer's testimony is to be evaluated in the same manner as that of any other witness and there is no presumption that such testimony is more credible than that of any other witness. *Crook v. Crook* (1946), 329 Ill. App. 588.

■ The manner in which the prosecutor made repeated references to Kurlinkus' status as a police officer and a sworn deputy was an improper attempt to enhance the credibility of his witness. Although a prosecutor may comment on the credibility of witnesses, the remarks in this case exceeded the boundaries of proper argument.

■ The defendant next argues that the following statement was made by the prosecutor in order to arouse the sympathy and prejudices of the jury:

"Well, you know, the Judge will instruct you that neither sympathy nor prejudice should influence your decision, and that's correct, because if we're talking about sympathies and prejudice when we're talking about the elicit [sic] business of selling drugs, then I would suggest that the Defense look to the poor, innocent, susceptible children in our community who are tempted and forced by peer pressures—

BY MR. RAMSEY: Your Honor, I'm going to object to this as being prejudicial and outside the scope of the evidence in this case and outside the scope of the information and ask that the—

BY THE COURT: I would limit these comments, Mr. Homer."

It is clear that the prosecutor was making an inflammatory appeal to the fears of the jury, and such remarks cannot be condoned. (*People v.*

*Crossno* (1981), 93 Ill. App. 3d 808.) The State contends that these remarks were invited by defense counsel's argument that Paula Ford, as a drug user, was merely a victim of the system. Although it may have been proper for the prosecutor to argue that a person in the defendant's position was entitled to no sympathy, his remarks overstepped the bounds of any comment which could be construed as invited by defense argument.

The State makes the final argument that any error which may have occurred was harmless beyond a reasonable doubt. We disagree. Although we would be reluctant to order a new trial based on any one of the errors standing alone, we find that the cumulative impact of the statements may well have prejudiced the jury and constituted a material factor leading to the conviction. (*People v. Whitlow* (1982), 89 Ill. 2d 322.) Therefore, the defendant should be given a new trial.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.