THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LUCIUS CLARK, Defendant-Appellant.

First District (1st Division)   1—86—2397

Opinion filed July 10, 1989.

Randolph N. Stone, Public Defender, of Chicago (Paul D. Bellendir and Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Carol L. Gaines, and David L. Studenroth, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Following a jury trial, Lucius Clark, (defendant) was found guilty of unlawful use of a weapon by a felon (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1) and sentenced to five years in the Illinois Department of Corrections. Defendant appeals his conviction, contending that the trial court committed reversible error in denying his motions to suppress his statement and to exclude commentary on the nature of a prior conviction and that he was denied a fair trial by improper prosecutorial comments during closing argument. For the following reasons, we reverse defendant's conviction and remand for a new trial.

The State adduced the following evidence at trial. On December 7, 1985, Chicago police officers Robert Malinowski and Roy Whitmore, on patrol in a paddy wagon, noticed a commotion in the vicinity of Jackson and Halsted Streets in Chicago. The officers observed defendant walking in the middle of Halsted Street, and they drove up to him. After defendant responded with obscenities to the officers' requests that he leave the street, the officers exited the paddy wagon and approached him. Defendant struggled with the officers. Subsequently, the officers handcuffed defendant and arrested him for disorderly conduct. At this time, the officers smelled an odor of alcohol on defendant's breath.

Before escorting defendant into the paddy wagon, Malinowski conducted a protective search and found a loaded .32 caliber handgun in defendant's front coat pocket. Malinowski showed the gun to Whitmore and stated, "Look at this." Defendant then retorted, "I need that for the gangbangers." Defendant was thereafter arrested for unlawful use of weapons and advised of his *Miranda* rights.

Chicago police officer James Vantilburg, supervisor of the latent print development unit of the crime lab, testified that no fingerprints were recovered from the gun found on defendant, but stated that the lack of prints was not unusual, as the recovery rate on all types of evidence is approximately 20%.

At the close of the State's case in chief, a certified copy of defendant's prior armed robbery conviction, stipulated to by counsel, was admitted into evidence. The State read the stipulation to the jury, which included that defendant had "entered a plea of guilty to armed robbery on April 24, 1978."

Defendant did not testify at trial. Janet Horn, defendant's live-in girl friend, testified on his behalf. Horn stated that she stored a handgun, which she had purchased on July 16, 1981, under her mattress in her home in Palatine, Illinois. A week before the day in question, she moved the gun from that location so that she could use the top mat-

tress as a bed for her nieces and placed the gun into a pocket of a long, heavy wool overcoat. She never told defendant that she had placed the gun in the coat pocket.

In the early morning hours of December 7, 1985, defendant returned home drunk. After Horn later sent him to purchase cigarettes, defendant returned with cigarettes and a pint of either vodka or gin. Horn observed defendant drink some of the vodka or gin.

Defendant then informed Horn of his intent to go to Chicago. Horn called a cab for this purpose and informed the cab company of defendant's intended destination. Horn did not observe defendant when he left because she was in her son's bedroom at the time. Defendant left wearing the overcoat containing the gun.

█ On appeal, defendant first contends that the trial court erred in denying his motion to suppress his statement made after his arrest for disorderly conduct but before *Miranda* warnings were issued. He argues that his statement should have been suppressed because it was procured by police during a "custodial interrogation." *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, requires the suppression of statements given in response to "custodial interrogation" prior to the issuance of *Miranda* warnings, but this exclusionary rule does not apply to volunteered statements which are made in the absence of questioning initiated by law enforcement officials. Defendant's statement here was clearly made while defendant was in custody; at issue is whether the statement was given in response to an "interrogation."

The United States Supreme Court has found that "interrogation" is not limited to express questioning by law enforcement personnel, but includes its "functional equivalent," words or actions that the police should know are reasonably likely to elicit an incriminating response. (*Rhode Island v. Innis* (1980), 446 U.S. 291, 301, 64 L. Ed. 2d 297, 308, 100 S. Ct. 1682, 1689-90; see also *People v. Scott* (1987), 159 Ill. App. 3d 459, 463, 512 N.E.2d 836, 838-39 ("[r]emarks by the police which are designed to gain a response or admission constitute 'interrogation' ").) Defendant maintains that an "interrogation" exists here because the officer applied a psychological ploy, consisting of holding up the gun and directing an open-ended statement to his partner, to elicit an incriminating response from defendant.

█ The record does not support defendant's interpretation of the evidence. The transcript indicates that the officer stated to his partner, "Look at this," immediately after discovering a gun in an after-arrest, protective, pat-down search of defendant. The record does not show that the officer held up the gun for defendant's view or other-

wise made an effort to display the gun. Whitmore testified merely that Malinowski showed him the gun when making the statement. We do not believe the officer's spontaneous response to the discovery of a weapon should be held to be reasonably likely to elicit an incriminating response or designed to gain such a response from defendant.

Defendant's next contention concerns the trial court's denial of his motion *in limine* to exclude any reference to the nature of the prior conviction underlying the felony-use-of-weapons charge. Section 24—1.1 of the Criminal Code of 1961 makes it unlawful for a person to knowingly possess a weapon where the person has previously been convicted of a felony. (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1.) Prior to trial, defendant requested that the court limit the State in introducing evidence of defendant's prior conviction to the fact that defendant had a prior felony conviction. The court refused to exclude reference to that conviction as an "armed robbery" conviction.

Defendant does not dispute that the crime of unlawful use of a weapon by a felon (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1) requires the State to plead and prove defendant's prior felony conviction as an element of the offense (*People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795; *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496), but argues that it was error to allow comment on the nature of the prior conviction, especially in light of his stipulation to the felony conviction. Essentially, defendant has two separate contentions in this regard: first, that he was denied a fair trial because *any* reference to the nature of the prior conviction where a defendant stipulates to the element to be proved is improper; and, second, that the prosecutor's repeated emphasis on his previous armed robbery conviction rose to the level of prejudice requiring reversal because of the increased likelihood that the jury would base its verdict upon defendant's propensity to commit the charged crime.

Before addressing these contentions, we note that the State objects to our review of these contentions because defendant failed to specifically allege the errors in his post-trial motion and did not object at trial when the State introduced the evidence of the nature of the conviction. Defendant adequately objected at trial by arguing for exclusion of the evidence in his motion *in limine*. (*People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563.) Even though defendant did not specifically allege the error in his post-trial motion, we will not find a waiver here because the claim affects defendant's substantial rights. *People v. Sexton* (1987), 162 Ill. App. 3d 607, 615, 515 N.E.2d 1359, 1365.

Defendant cites no Illinois case law holding that the nature of the

prior felony conviction underlying the felony-use-of-weapons charge may not be introduced in proving the element of the prior conviction. Illinois appellate courts which have specifically addressed this issue have not adopted a blanket rule that introduction of the nature of the conviction would violate a defendant's due process rights, even where a defendant has stipulated to an undesignated felony conviction. (See *People v. Tilden* (1979), 70 Ill. App. 3d 859, 388 N.E.2d 1046; *People v. McGee* (1987), 165 Ill. App. 3d 833, 520 N.E.2d 836.) The only case to suggest that reference to the nature of the conviction should not be admissible is *People v. Tilden* (1979), 70 Ill. App. 3d 859, 864, 388 N.E.2d 1046, 1050, where the court, in *dictum*, advocated a rule that where a defendant offers to stipulate in a comprehensive manner to the undesignated previous conviction, evidence of the nature of the conviction should be inadmissible because the State's burden would be satisfied.

■ We will not hold that the trial court abused its discretion in allowing introduction of the nature of the prior conviction here. No Illinois case so holds, and the legislature has not precluded the State from presenting such evidence. Moreover, we do not believe that a defendant is denied due process by introduction of the nature of the conviction where the conviction is an element of the offense, even where there is a stipulation to the undesignated felony.

Turning to defendant's second contention regarding his prior conviction, defendant directs our attention to seven separate instances during opening and closing argument where the prosecutor commented as to defendant's conviction for a felony or for armed robbery. Defendant has not cited any Illinois cases which have found that a prosecutor's emphasis on the prior crime underlying the felony-use-of-weapons charge, or the nature of that crime, denied a defendant due process. Defendant, however, analogizes the situation here with that in *People v. Pruitt* (1988), 165 Ill. App. 3d 947, 520 N.E.2d 867, where the court found that the prosecutor's admonishments in closing argument, that the defendant's prior convictions were to be considered only for impeachment purposes, caused the jury to focus its attention on the similar prior crimes and the probability that he had once again committed the crimes with which he was charged. The court explained that admission of the prior crimes evidence "rose to the level of proof to show defendant's propensity to commit a crime \*\*\*. The result was not only to conceivably inflame the jury's passions, but also to cause a search for the truth based upon defendant's prior convictions." *Pruitt*, 165 Ill. App. 3d at 953, 520 N.E.2d at 871.

■ While we acknowledge the proposition that a prosecutor may

comment on facts in evidence (*People v. Warmack* (1980), 83 Ill. 2d 112, 413 N.E.2d 1254), we believe that under the circumstances present here, the prosecutor went beyond fair comment on the evidence. The jury's verdict here, as evidenced by defendant's defense, necessarily turned on how it resolved the dispute as to defendant's knowledge in possessing the weapon on December 7, 1985. The prior conviction the prosecutor emphasized, that of armed robbery, is similar to the crime with which defendant was charged in that both involve the knowing possession of a weapon. Although we find that evidence of the nature of the conviction is admissible because the conviction is an element of the charge, the State's repeated emphasis on defendant's prior armed robbery conviction increased the likelihood that the jurors would find defendant knowingly carried a gun on December 7, 1985, because he previously carried a gun in the commission of a crime.

■ In addition to the prosecutor's comments regarding defendant's prior armed robbery conviction, defendant points to numerous other prosecutorial comments that we find to be improper. Commenting on defense witness Horn's testimony that defendant took a taxicab to the Palatine train station, the prosecutor stated in closing argument: "I don't know what Lucius Clark was doing that day. I haven't seen any taxicab receipts. I haven't seen any Northwestern receipts." This comment improperly shifted the burden of proof to defendant by emphasizing defendant's lack of evidence. Similarly, in *People v. Lopez* (1987), 152 Ill. App. 3d 667, 678, 504 N.E.2d 862, 870, this court found that the prosecutor improperly shifted the burden of proof by his statement, "Where are those people that can clear the defendant?" This court also found, in *People v. Giangrande* (1981), 101 Ill. App. 3d 397, 402, 428 N.E.2d 503, 507, that the prosecutor's statement, "Now where's the evidence that the defendant didn't do it?" shifted the burden of proof to the defense. We reject the State's assertion that the prosecutor was properly commenting on the evidence and defense witness Horn's credibility. The prosecutor's preliminary comment, "Let me say by my commenting on anything that Janet Horn has said *or anything that the defense has suggested*" (emphasis added), clearly emphasized the defense's failure to produce certain evidence.

■ The next comments we find improper are the prosecutor's statements, "It sounded like she was saying that [the officers] would be willing to give up their pensions *** put their family security in jeopardy, lose their jobs, possibly be indicted for perjury because they want to lie on Lucius Clark." It is established that a prosecutor may

not argue that a witness is more credible because of his status as a police officer. (*People v. Richardson* (1985), 139 Ill. App. 3d 598, 601-02, 487 N.E.2d 716, 718; *People v. Parker* (1979), 72 Ill. App. 3d 679, 681, 391 N.E.2d 89, 91.) The prosecutor's comments here played upon the jury's sympathies and improperly implied that the officers were more believable because of their positions as police officers.

■ Finally, the prosecutor stated that defendant's defense was a smoke screen. This comment has repeatedly been held by courts to be improper. *E.g., People v. Wilson* (1983), 120 Ill. App. 3d 950, 961, 458 N.E.2d 1081, 1089; *People v. Young* (1981), 97 Ill. App. 3d 319, 325-26, 422 N.E.2d 1158, 1163.

■ Accordingly, we find that the cumulative effect of the above comments denied defendant a fair trial. We, therefore, reverse defendant's conviction and remand for a new trial.

Reversed and remanded.

MANNING, P.J., and CAMPBELL, J., concur.