THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT P. BENNETT, Defendant-Appellant.

Second District    No. 2—98—0004

Opinion filed April 14, 1999.

GALASSO, J., specially concurring.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Karen L. Daniel, of Oak Park, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE THOMAS delivered the opinion of the court:

Following a jury trial, the defendant, Albert P. Bennett, was convicted of possession of contraband in a penal institution (720 ILCS 5/31A—1.1.(g) (West 1996)). The trial court sentenced the defendant to five years in prison. The defendant appeals, contending that he was denied a fair trial because the prosecutor essentially argued during closing argument that the State's witnesses were credible because they were correctional officers. We affirm.

The evidence presented at the defendant's trial established that on February 6, 1997, the defendant was an inmate incarcerated at the Du Page County jail. Tim Haiges, another inmate at the jail in the same pod as defendant, informed a correctional officer that someone in the pod possessed a controlled substance. Based on this tip, officers of the Du Page County sheriff's department conducted a "shakedown" search of the 16 cells. Each of the 16 cells housed only one inmate per cell.

Du Page County sheriff's deputy John Munn testified that the cell doors were generally kept closed except when an inmate went in or out of his cell. After all the doors were opened for the shakedown and after the inmates were removed from their cells, Munn discovered a plastic bag containing cocaine inside a deodorant can on the defendant's bed inside his cell.

Du Page County sheriff's department officers Michael Phillips and Fabio Vellega testified that they gave the defendant his *Miranda* warn-

ings and interviewed him after the contraband was discovered. According to the officers, the defendant told them that he had witnessed a fight between a "little dude with thick glasses" and an inmate named Tim. The defendant stated that he took the cocaine from the "little dude" and was planning to give the cocaine to a woman upon his release from jail in exchange for a place to stay.

Tim Haiges testified that about one week before the shakedown the defendant asked him if he wanted to buy cocaine. A few days later, the defendant asked again and showed Haiges the cocaine. Haiges noted that he told a correctional officer about the cocaine because he wanted to avoid getting the whole pod locked down. Haiges acknowledged that, at the time of the shakedown, he had charges pending against him for two counts of home invasion and one count of forgery. He also acknowledged that he had a lengthy criminal history. He noted that he had told others at the jail that he would be content with a sentence of 20 years or less on his pending charges. Sometime thereafter, Haiges's home invasion charges were reduced to the Class 1 felony of attempted home invasion, and he received sentences of 15 years in prison in connection with the charges. Haiges denied that he had been promised leniency by the State in exchange for his testimony in this case.

During the course of his closing argument, the prosecutor commented on the credibility of Officers Phillips and Vellega and stated the following:

"Motive, I mean, what would their motive be to commit perjury to assist another inmate, a convicted felon in planting evidence against a different individual, what in the world would their motive be to do that, to risk their career to do that? Yet that's what they are suggesting, because you got to do more than believe that Haiges planted it for them to get around the fact that the defendant has admitted it. You got to believe that the defendant did not admit this and that the police are making it up."

On appeal, the defendant argues that the prosecutor's comments amounted to reversible error.

■ Initially, we note that the defendant waived the issue by failing to make a timely objection at trial or raise the issue in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Moreover, we are not inclined to consider this issue under the plain error doctrine since the evidence is not closely balanced and the remarks were not so prejudicial as to deny the defendant a fair trial. See *People v. Fields*, 135 Ill. 2d 18, 60 (1990).

■ ■ Even absent waiver, we find that the prosecutor's comments in this case were not improper. A prosecutor is allowed a great deal of

latitude in making closing remarks. *People v. Cloutier*, 156 Ill. 2d 483, 507 (1993). Concerning the parameters of proper argument, the prosecutor may denounce the accused, reflect upon the credibility of the witnesses, and urge the fearless administration of justice if based on the facts in the record or inferences drawn fairly therefrom. *People v. Thomas*, 172 Ill. App. 3d 172, 178-79 (1988). The entire record, particularly the full argument of both sides, must be considered on a case-by-case basis to assess the propriety of prosecutorial comment. *Thomas*, 172 Ill. App. 3d at 179. Comments, such as the ones at issue here, have been found to be either proper or not constituting reversible error where there is a direct conflict between the testimony of a peace officer and that of the defendant. See *People v. Killen*, 217 Ill. App. 3d 473, 481 (1991); *Thomas*, 172 Ill. App. 3d at 180.

Citing *People v. Ford*, 113 Ill. App. 3d 659 (1983) and *People v. Clark*, 186 Ill. App. 3d 109 (1989), the defendant argues that the prosecutor's comments in the present case were improper because they suggested that the State's witnesses were more credible because they were law enforcement officers. In *Ford*, the prosecutor argued the comparative credibility of the defendant and the arresting officer and asked the jury why a " 'sworn' " police officer would " 'lie and perjure herself.' " *Ford*, 113 Ill. App. 3d at 662. In *Ford*, the Appellate Court, Third District, found that the remarks exceeded the bounds of proper argument. *Ford*, 113 Ill. App. 3d at 662. Similarly, in *Clark*, the Appellate Court, First District, found improper the prosecutor's remark suggesting that the testifying police officers would not be willing to "give up their pensions" and "lose their jobs" to lie. *Clark*, 186 Ill. App. 3d at 115. Although it was not cited by either party, we note that in *People v. Richardson*, 139 Ill. App. 3d 598 (1985), this court cited *Ford* with approval in the course of finding that the prosecutor's comments in that case did not deny the defendant a fair and impartial trial. *Richardson*, 139 Ill. App. 3d at 601-02.

In *Killen*, the Appellate Court, Fourth District, disagreed with the decision in *Ford* and declined to follow it when presented with similar remarks by a prosecutor. *Killen*, 217 Ill. App. 3d at 481. In so doing, the *Killen* court noted that *Ford* was inconsistent with the holding of the Illinois Supreme Court in *People v. Flores*, 128 Ill. 2d 66, 94 (1989), wherein the court stated that " '[t]he credibility of witnesses is a proper subject for closing argument if it is based on the facts in the record or inferences drawn from those facts.' " *Killen*, 217 Ill. App. 3d at 481, quoting *Flores*, 128 Ill. 2d at 94. The court in *Killen* concluded:

> "Of course the *Ford* court is correct when it notes that 'there is no presumption that [a police officer's] testimony is more credible than that of any other witness' [citation], but that observation has

nothing to do with a jury's evaluation of (and the prosecutor's ability to argue) the credibility of a witness whom the jury has actually seen and heard. Neither the prosecutor in *Ford* nor the prosecutor in the present case mentioned anything about a presumption in their closing arguments; instead, the jury was asked to evaluate the particular police officer whose credibility was at issue.

We note that defendant in his argument before this court nowhere challenges any of the factual averments in the prosecutor's closing argument regarding Officer Campbell but, citing *Ford*, argues only that the prosecutor's constant references to Campbell as a sworn police officer enhanced her credibility in the eyes of the jury, leading to unfair prejudice. We hold that these references may in fact have enhanced her credibility, but there was nothing unfair about them." *Killen*, 217 Ill. App. 3d at 481-82.

We adopt the reasoning of *Killen* and *Thomas* and decline to follow *Ford* and *Clark*. The instant defendant's theory at trial was that he was telling the truth about not possessing the contraband and that the State's witnesses were either lying or mistaken. Although defense counsel stopped short in her closing argument of actually stating that the officers were lying when they testified that the defendant admitted possessing the contraband, a direct conflict did exist between the officers' testimony and that of the defendant. The prosecutor's remarks were based on the facts in the record or the reasonable inferences drawn from those facts and did not include a mention of a presumption in favor of any witness's testimony. Accordingly, we hold that the complained-of comments were not improper.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, J., concurs.

JUSTICE GALASSO, specially concurring:

It is my opinion the defendant waived the issue of improper closing arguments by the prosecutor, by failing to object and failing to raise the issue in the posttrial motion. *People v. Enoch*, 122 Ill. 2d 176 (1988). Every trial court judge should be given the opportunity to correct errors at the trial court level.

The appellate process is long, difficult, and not cost effective, when compared to a posttrial motion brought before the judge who had the ability (as in a case like this) to determine the emphasis and impact of such a statement.

74

I do not feel the statement of the prosecutor referring to a law enforcement officer's disincentive to commit perjury due to loss of income or a career can be considered proper. Giving the prosecutor the right to comment on the weight of an officer's testimony, based upon a theory of disincentive for not being truthful, would, in order to be fair, require that the trial court permit the defense to inquire of all law enforcement witnesses about the incentives or career enhancements that may occur based upon successful prosecution.

This court should not go that far. In considering Illinois Pattern Jury Instructions, Criminal, No. 3.19, Committee Note, at 89 (3d ed. 1992), the supreme court committee recommended that no instruction be given on the issue of weighing a police officer's testimony. To allow such comment in argument without a court's instruction would be inappropriate.