THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FRANCISCO RIVERA, Defendant-Appellant.

First District (6th Division)   No. 1—89—1303

Opinion filed September 25, 1992.

Michael J. Pelletier and Anne E. Meyer, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a jury trial, defendant, Francisco Rivera, was found guilty of possession of heroin, cocaine and cannabis with intent to deliver, and was sentenced to 10 years' imprisonment. Defendant appeals, contending that the State bolstered its witnesses' testimony through inadmissible evidence and improper statements in closing arguments. Defendant also asks that the sentencing order be corrected.

The pertinent evidence is as follows. On August 1, 1986, at approximately 10:45 a.m., Chicago police officers John Mason, Charles Bowers, Steven Chasen, John Matthews and four other police officers executed a search warrant at an apartment located at 1263 North Springfield, Chicago. Three officers went to the rear entrance of the apartment building, knocked on the door, and stated that they had a search warrant. After receiving no response, the officers gained entry into the building by using a sledge hammer.

Officer Matthews went into the kitchen of the apartment followed by the other officers, and observed defendant stepping out of the bedroom into the hallway. Matthews identified himself and stated that he had a search warrant. Defendant was escorted into the living room of the apartment, where the officers saw defendant's 18-year-old wife and 14-year-old brother. Upon entering the bedroom, Matthews discovered a plastic bag containing crushed green plant leaves that he suspected to be marijuana on top of the dresser. Further search of the bedroom uncovered seven clear plastic bags containing a powder substance between the mattress and box spring.

Matthews informed defendant that he was under arrest, and the officers read his *Miranda* rights to him. Defendant stated that he understood his rights. Matthews further testified that defendant acknowledged that the "stuff belongs to me" and that his wife had no knowledge of the presence of narcotics. Defendant had lived in the apartment since February 1986. All of the foregoing conversations were conducted with defendant in English.

A subsequent search of the apartment revealed a triple beam scale and men and women's clothing in a bedroom closet. A suitcase containing $2,000 in denominations of $10, $20, and $100 bills was found behind the sofa in the living room. Defendant told the officers that the money in the suitcase belonged to him. Prior to transporting defendant to the police station, the officers permitted him to go to the bedroom, where he retrieved a pair of socks from the dresser and his shoes which were next to the bed.

At the police station, Matthews completed a case report. Defendant provided the information requested by the officers in English, and again stated that he lived in the apartment where the narcotics were found.

At trial, Arlene Koszykz, a chemist with the Chicago police department, testified that she received the envelope containing the contraband confiscated in the search of defendant's apartment. Koszykz tested two bags of a brown chunky substance which indicated the presence of heroin in the amount of 45.97 grams. The bag containing a white chunky substance was found to contain 3.5 grams of cocaine. Koszykz also tested the plant substance and found the presence of 29.99 grams of marijuana. On March 2, 1989, Koszykz performed a confirmatory analysis of one of the bags previously tested, which again indicated the presence of cocaine.

Defendant presented the testimony of two witnesses who testified that they had known defendant for several years, and that they had never heard anyone suggest that he was involved in selling drugs or other illegal activities.

In rebuttal, the State offered the testimony of Officer Mason, who had since retired from the police force. The parties stipulated that if called, Mason would testify that he was one of the officers who effectuated a search warrant at defendant's apartment. During the search, the officers found a suitcase containing a large amount of money, which defendant stated belonged to him. After finding several bags of narcotics in the bedroom, Matthews informed defendant that he was under arrest and escorted him to the kitchen. Officer Bowers advised defendant of his constitutional rights and read *Miranda* warnings to

him. Defendant stated that the narcotics belonged to him and that his wife was not involved. Mason would further testify that defendant told the police on two separate instances that he lived in the apartment.

On appeal, defendant first asserts that he was denied a fair trial because the State improperly bolstered the testimony of Matthews with prior consistent statements contained in the police report. Defendant complains Matthews testified that prior to transporting defendant to the police station, he went into the bedroom where he retrieved a pair of socks and defendant's shoes. On cross-examination, defense counsel sought to impeach Matthews' credibility on this point by eliciting an admission from Matthews that he failed to mention this fact in his police report. In its attempt to rehabilitate Matthews on redirect examination, defendant contends that the State improperly questioned Matthews again about the contents of the police report.

However, while defendant objected at trial to questions concerning the contents of the police report, he failed to include this issue in his post-trial motion. Error in the admission of evidence is waived if the objection to the evidence is not properly designated by the objector (*People v. Stewart* (1984), 104 Ill. 2d 463, 473 N.E.2d 1227), and error properly raised at trial is waived if not set forth in the post-trial motion of the defendant. (*People v. Woith* (1984), 126 Ill. App. 3d 817, 467 N.E.2d 614.) While the plain error rule can be invoked in instances where the error complained of is so egregious that it deprives defendant of a fair trial, we do not find that the circumstances of this case warrant its application. The evidence amassed against defendant in this case did not consist exclusively of Matthews' testimony, and proof of defendant's guilt was also adduced through the testimony of Officers Chasen and Bowers concerning the circumstances of defendant's arrest.

Defendant next assigns as reversible error certain improper comments made by the State during its closing argument. Defendant points to the following comments made about the police chemist as improper and compromised his right to a fair trial:

"Now you saw defense attorney also had [Arlene Koszykz] on the witness stand for two hours or more. You saw the cross-examination. You saw that this defense attorney knows what he is talking about when he talks about narcotics. And you better believe if she was wrong in her analysis that although they do not have to prove anything, they do not have to call witnesses. If that expert was wrong, you better believe they would have had an expert in here to say that she was wrong."

Defendant points out that such argument is improper because it permits an inference that defendant is under a duty to present evidence and call witnesses on his behalf.

In addition, defendant argues that the following comment about Mason's stipulation constitutes reversible error:

"But not only that you have to remember they agreed to what Sergeant Mason would have testified to. Sergeant Mason is retired. He's off the police force. There is no way that that man's testimony would have been stipulated to if they did not believe it would be the truth.

* * *

*** [T]he only thing that police officer could lose his pension or [sic] would be getting convicted of a crime and you know perjury is a crime. And you know if they thought that officer was going to lie, they would not have agreed to that."

Defendant contends that the State's argument is inappropriate because it suggests that Mason was more believable because he was a retired police officer with a pension to lose if he were caught committing perjury. (See *People v. Clark* (1989), 185 Ill. App. 3d 231, 542 N.E.2d 138.) Also, defendant correctly asserts that the State misinformed the jury that defendant had agreed to the veracity of Mason's testimony simply by stipulating to it.

Defendant also contends that the State made improper comments about the police officers' credibility in general. In closing argument, the prosecutor stated:

"Now Chicago police officers, what is your perception of police officers in our community? You think about that. You know as kids you growing up [sic] you always think about things, you always think about what you wanted to be as boys. They dream about being engineers, company boys, whatever. But they always have one thing every boy I know, every kid I know growing up wants to be a police officer. Everybody looks up to police officers. They're heroes. Everybody when they're growing up as little kids they think they're running around with little superman outfits under their uniforms.

* * *

That same police officer is also the same guy who goes out there and resuscitates the elderly victim who collapses on the street. He's the same officer who goes out in the alley on Saturday night on midnights in an alley we wouldn't be caught in. He's the one that gets shot at. He's the one that has to go into Cabrini Green when there is family disturbance. He has to go

on the South Side and confront the people in the car, a car whose occupants he cannot see clearly at night. These are the same people, ladies and gentlemen with what's happening in the streets in our city. With what you see in the news each night, what you read in the paper each day. Perhaps the image is tarnished. It's only your perception that has changed. Maybe they do have a big S on their chest. Perhaps."

In *People v. Threadgill* (1988), 166 Ill. App. 3d 643, 520 N.E.2d 86, this court held that the prosecutor's comments to the effect that police officers were putting their lives on the line for jurors and the jurors could back them up or turn their backs on them, and that a not guilty verdict would be tantamount to not supporting law enforcement, constituted reversible error. The court held that this argument was calculated to inflame the jurors' fears and exceeded the bounds of propriety.

The prosecutor is allowed substantial latitude in closing argument, and misstatement by a prosecutor does not deprive defendant of a fair trial, unless such remark clearly affected the outcome of the trial. (*People v. Patrick* (1990), 205 Ill. App. 3d 222, 562 N.E.2d 1027.) Improper remarks will not require reversal of defendant's conviction unless they constitute a material factor in defendant's conviction. *People v. Patterson* (1986), 140 Ill. App. 3d 421, 488 N.E.2d 1283.

■ At the outset, we note that defendant failed to specifically object to the comments complained of in his post-trial motions. As previously discussed, it is well established that in order to preserve an issue for review, defendant must object both at trial and in his post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124; *People v. Shum* (1987), 117 Ill. 2d 317, 512 N.E.2d 1183.) Defendant acknowledges that while the errors may not have been properly preserved for appeal, they should be addressed under the doctrine of plain error. The plain error rule can be invoked in instances where the evidence is so close that there is a possibility that an innocent man may have been convicted due to an error which is obvious from the record, or the alleged error deprived the accused of a fair and impartial trial. *People v. Palmer* (1989), 188 Ill. App. 3d 414, 545 N.E.2d 743.

We agree with defendant that the remarks made by the prosecutor during closing argument were inappropriate and constitute error. However, we do not believe that the evidence was so closely balanced that the application of the plain error rule is warranted. In this case, defendant admitted that the narcotics found in the apartment belonged to him and that his wife had no knowledge of their existence.

A significant amount of cash was found in a suitcase in the living room which defendant acknowledged as belonging to him. In addition, a triple beam scale was found in the closet containing men's clothing belonging to defendant. The police chemist testified that the drugs tested positively as heroin, cocaine, and marijuana. Defendant also admitted that he lived in the apartment where the drugs were confiscated. Accordingly, we find no reason to invoke the plain error doctrine because of the improper prosecutorial comments made during closing argument.

■ Finally, defendant contends that the sentencing order must be corrected because it erroneously states that he was convicted of delivery of a controlled substance when he was actually convicted of possession of a controlled substance with intent to deliver. The State concedes that defendant's order of sentence and commitment should be corrected to reflect that he was found guilty of possession of cannabis and a controlled substance with intent to deliver. (Ill. Rev. Stat. 1985, ch. 56½, pars. 704 (c), 1402(a)(1), (b).) It is so ordered.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and RAKOWSKI, J., concur.