THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES PARKER, Defendant-Appellant.

First District (4th Division)   No. 78-481

Opinion filed May 24, 1979.—Rehearing denied June 22, 1979.

Ralph Ruebner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Carol A. Kearney, and Thomas Bucaro, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Charles Parker, also known as Charles Freeman, was charged with the offense of unlawful use of weapons by having in his possession a loaded weapon within 5 years of conviction of a felony or from his release from prison on a felony conviction. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(b).) He was found guilty after a jury trial and sentenced to a term of 3 to 9 years in the Department of Corrections. Upon appeal, we affirm.

The defendant asserts on appeal that he was denied a fair trial when the prosecutor argued to the jury that the prosecutors and the police would not place their professional careers in jeopardy by making false charges against the defendant. We disagree with defendant. The facts pertinent to this appeal are as follows.

The State's evidence at the trial established that on March 13, 1977, at

approximately 8 p.m., defendant went to the home of Blanche Jordon at 6215 South Wabash, Chicago, Illinois. She testified that defendant was in the living room of her apartment waving a handgun and shouting that he would kill everyone there. Mrs. Jordon told defendant to leave and pushed him out of the door. After he left, the police were called.

Police officers Haley and Black testified that they went to the Jordon apartment the evening of March 13, 1977, and, after a conversation with members of the family, they went to another apartment in the building and saw defendant. At that time, they searched him but did not find a gun on his person. The officers left the building and radioed for another unit for surveillance of defendant. Subsequently, according to the testimony of the officers, defendant and two other men were seen on the street behind a member of the Jordon family. The police testified they variously ran and drove cars down the street to where they observed Parker with a gun in his hand. They further testified that the gun was passed from defendant to Willie Jackson and/or McKinley Cunningham. Cunningham then threw the gun under a parked van where the police recovered the weapon. All three men were taken into police custody. Betty Jordon stated at the station that Parker had assaulted her.

Both defendant and Mattie Cephus testified that defendant did not have a gun in his possession as the State's witnesses had testified. The defendant stated that he went to the Jordon apartment on the day in question but did not have a gun with him. He stated his purpose for going to the apartment was to speak with Larry Jordon. When he arrived he asked Larry Jordon to leave with him and he, Larry Jordon and Robert Price left the building together. Once outside the apartment, defendant and Robert Price got into a fight which was stopped by Mattie Cephus, a tenant from 6215 South Wabash.

Ms. Cephus testified that she saw the altercation between defendant and Robert Price, and that she stopped it. She stated defendant did not have a gun at that time. She further testified that after the fight, defendant left her apartment; thereafter she observed defendant's arrest. She stated he did not throw a gun to anyone.

McKinley Cunningham also testified that on the day in question he was with Willie Jackson at approximately 8 p.m. He stated he saw defendant on the street, about 25 feet in front of him, and saw the police stop defendant. He further testified that he did not know defendant, and that no gun was thrown to him by defendant.

During the State's initial closing argument, the prosecutor argued that the assistant State's Attorneys and police would not risk their professional careers by conspiring to hide the true facts from the jury about defendant.

The jury returned a verdict finding defendant guilty of unlawful use of weapons and sentenced him to serve from 3 to 9 years in prison.

Defendant contends on appeal that he was denied a fair trial when the prosecutor made improper remarks during closing argument to the jury. During the State's closing argument, the prosecutor commented that defendant was inferring a conspiracy. The assistant State's Attorney remarked: "[T]he defendant, Charles Parker, is telling you there is a bigger conspiracy, and that conspiracy is between the State's Attorney's office, the Chicago Police Department and between the Jordon family, * * *."

■■ Although a prosecutor is allowed a certain amount of latitude when making closing argument, in the instant case there was a certain degree of impropriety in this argument. But, the question is not whether the argument made was proper, but whether it reached the level of impropriety which deprived the defendant of a fair trial. *People v. Fort* (1976), 44 Ill. App. 3d 62, 66, 357 N.E.2d 1365, 1369.

We do not believe, in this case, that the statements made by the prosecutor were such that defendant was deprived of a fair trial. The jury heard the testimony of several witnesses. Some of the witnesses testified for defendant and others testified for the prosecution. The evidence was of a substantial nature on both sides. Where there is conflicting testimony, as here, where certain persons testified that defendant had a gun and others stated he did not, this court will not substitute its judgment for that of the trial court, because the weight of the evidence and credibility of witnesses are within the purview of the fact finder. *People v. Ellis* (1978), 74 Ill. 2d 489, 496, 384 N.E.2d 331, 334.

The jury in this case chose to believe the prosecution witnesses, and only where the evidence fails to sustain the verdict or is inconclusive or improbable will we set aside a conviction. (*Ellis*, at 496.) We do not think the evidence failed to sustain the verdict in the instant case.

■■ While we do not approve of the comments made by the prosecutor in her closing argument and while such comments cannot be condoned by this court, we conclude their effect was not so prejudicial as to merit reversal. To require reversal, improper comments must be of a substantial magnitude when viewed in reference to the entire record. *People v. Martinez* (1977), 45 Ill. App. 3d 939, 943, 360 N.E.2d 495, 498.

We have reviewed the record and determine that in light of all the evidence presented the prosecutor's comments were not so prejudicial nor of such substantial magnitude as to warrant reversal.

The State also raised the issue of waiver, alleging defendant failed to preserve any issues for review because he did not make a written or oral motion for a new trial within 30 days of the judgment, nor did he assert in his tardy oral motion the ground or grounds upon which he appeals.

Since we have affirmed the decision of the trial court, we need not reach this issue.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.