THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICIA THOMAS, Defendant-Appellant.

First District (4th Division)   No. 86—1769

Opinion filed June 23, 1988.

Michael Jay Green, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry, Patricia Y. Brown, and Joseph G. Laspisa, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

After a jury trial, defendant, Patricia Thomas, was convicted of possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(a)(1)) and sentenced to six years' imprisonment. On appeal she contends that the trial court erred in refusing to give the pattern jury instruction which covers impeachment by prior inconsistent statements; that she was denied a fair trial by improper prosecutorial argument; and that the jury's verdict was improperly hastened and must be set aside. We affirm.

It is undisputed that a car driven by Donald Wright with defendant seated in the front and a man seated in the back pulled up to a Chicago intersection which police had under surveillance. Defendant exited the car and walked into one of the intersecting streets, passing out of the officers' line of vision. As she walked from the car, she carried nothing in her hands. After defendant exited the car, it drove away from the intersection. A few minutes later defendant walked back into sight of the officers. She was now carrying a white bag with a McDonald's logo on it. No McDonald's restaurant, however, was located in the vicinity. When she arrived at the corner where she had been dropped off, the car returned and picked her up. The car again pulled away from the corner, followed by an unmarked surveillance vehicle.

After a short drive, the suspect car stopped at a traffic signal. At this time, the officers left the surveillance vehicle, approached the suspect car with guns drawn, announced their office, and ordered the occupants out of the car. When the occupants had complied with this order, the police seized the white McDonald's bag, which contained a plastic bag holding 676 grams of heroin, from the vehicle's floor near where defendant had sat. Also seized from under the floor mat of the driver's position were a knotted sock, syringe, needle and bottle cap, and from the backseat a box containing several hundred small plastic packets of the type known by the officers to be used in the distribution and sale of narcotics.

The factual dispute here concerns the location of the McDonald's bag when the police approached the suspect car. Officer Vondrak testified that he approached the vehicle on the passenger's side and when defendant looked at him she threw the bag from her lap onto the floor of the car. Officer Brier testified that he also saw the bag on

defendant's lap when he reached the suspect car and that defendant dropped the bag to the floor just prior to exiting the vehicle. Defendant, on the other hand, testified that she had put the bag on the floor when she reentered the car and that the bag was still on the floor when the police reached the car.

According to defendant's testimony, Wright, a neighborhood friend for several months, was taking her to a friend's house. Unexpectedly, he stopped at the intersection and asked her to go to a certain house and tell Mary, a person unknown to defendant, that he was looking for her. Defendant followed directions and encountered a woman clad in pajamas who asked defendant to give the bag to Wright. Defendant complied. Although she knew Wright to be a drug dealer, defendant testified that she did not believe that he would ask her to pick up and transport drugs for him. She further testified that she did not know what was in the bag.

Defendant first contends that the trial court erred in refusing to give the pattern jury instruction concerning the impeachment of a witness by a prior inconsistent statement (Illinois Pattern Jury Instructions, Criminal, No. 3.11 (2d ed. 1981)). Defendant takes the position that the timing of her placement of the bag on the car floor was the crux of the State's case concerning her knowledge of its contents because the bag was closed, opaque, and no evidence was presented that she had ever opened it. Thus, she urges the importance of statements of the police report to the effect that the occupants were unaware of police presence and that the bag was dropped by defendant after being ordered out of the car. Defendant contends that these statements are inconsistent with Officer Vondrak's testimony that defendant looked at him before disposing of the bag and only then threw the bag to the floor.

Confronted with the police report during cross-examination, Officer Vondrak testified that the reference to the suspect's lack of knowledge of police presence applied to the point in time when the officers exited the surveillance vehicle and began to approach the suspect car on foot. Once they arrived at the car, Officer Vondrak testified that he showed his badge and announced his office. When defendant was apprised of the presence of police, she disposed of the bag. He further testified that the following all occurred almost simultaneously: (a) the arrival of police at the suspect car, (b) the announcement of their office, (c) the command to exit the vehicle, (d) defendant's observation of him, armed and displaying his badge, and (e) defendant's removal of the bag from her lap. Officer Brier, who wrote the report, also testified that defendant's actions were effectively si-

multaneous in that when she threw the bag off of her lap, it hit the floor as she was pivoting her body to exit the car.

■■ ■ The function served by jury instructions is to convey the correct principles of law applicable to the evidence submitted to the jury so that the jury may arrive at a correct conclusion according to the law and evidence. (*People v. Mitchell* (1975), 27 Ill. App. 3d 117, 327 N.E.2d 158.) The pattern jury instruction regarding inconsistent statements is appropriately given only where two statements are inconsistent on a material matter. (*People v. Cihlar* (1982), 106 Ill. App. 3d 824, 436 N.E.2d 1041.) The materiality of an inconsistency in statements exists where the contradiction reasonably tends to discredit the testimony of the witness on a material matter, and such determination lies within the discretion of the trial court. *People v. Villa* (1981), 93 Ill. App. 3d 196, 416 N.E.2d 1226.

For example, in *People v. Mitchell* two prior statements of the State's sole witness whose trial testimony linked defendant to the crime of murder indicated that he did not see the stabbing. There, the inconsistency was considered material and the failure to give the pattern instructions on inconsistent statements was held to be reversible error. (*Mitchell*, 27 Ill. App. 3d at 121-22.) In *People v. Villa*, however, a State's witness testified at trial that she heard two gunshots close together, that they were not hard to distinguish, and that after the second shot she closed her eyes and screamed. In her statement to police made immediately after the incident, she indicated to the contrary, that the shots were hard to distinguish and that her eyes were closed before the first shot was fired. Inasmuch as the witness' statements consistently referred to the existence of two shots and her trial testimony was similar to her prior statement, it was held that the inconsistencies in detail of which defendant complained did not constitute a material contradiction and the denial of the inconsistent statements instruction was not an abuse of discretion. (*Villa*, 93 Ill. App. 3d at 202.) Similarly in *People v. Cihlar* a victim consistently reported the substance of the statements which defendant made to her but characterized his speech patterns differently at the time the crime was reported to police than she did at trial. On appeal, these inconsistencies in detail were not viewed as material and the pattern inconsistent statement instruction was not warranted. *Cihlar*, 106 Ill. App. 3d at 830-31.

■■ Here, the testimony of both officers and the information contained in the police report consistently stated that defendant reentered the car carrying the McDonald's bag and that the bag was on defendant's lap when the car was later approached by police. Because

the confrontation and disposal of the bag occurred in a simultaneous sequence of events, police explained why the police report may have appeared to be, but was actually not, inconsistent with their trial testimony. The fact that defendant continued to hold the bag after reentering the car and disposed of it only after she was approached by police is crucial to the State's case, but the precise placement in time of this disposal within an interval of a few seconds between the approach of the police and the occupants' exit from the vehicle is not. Under the circumstances, the pattern instructions covering impeachment by a prior inconsistent statement was not warranted here. *People v. Cihlar* (1982), 106 Ill. App. 3d 824, 436 N.E.2d 1041; *People v. Villa* (1981), 93 Ill. App. 3d 196, 416 N.E.2d 1226.

Defendant next contends that the prosecutor's closing argument in five aspects deprived her of a fair trial. She seeks review of these remarks both individually and with regard to their cumulative effect.

■■ The failure to object at trial or to specify the alleged error in a written post-trial motion constitutes a waiver thereof, even with regard to a claimed constitutional error, and the issue cannot be urged as a ground for reversal. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court" pursuant to Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)), which is designed to ameliorate the harshness of the strict application of the waiver rule. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) However, Rule 615(a) is not intended to operate as a general saving clause to preserve for review all errors affecting substantial rights whether or not they were raised in the trial court. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) When prosecutorial comments are neither objected to at trial nor raised in a post-trial motion, relief under Rule 615(a) will be granted only "where the evidence is closely balanced or where the error was of such magnitude that the accused was denied a fair trial." *People v. Lucas* (1981), 88 Ill. 2d 245, 251, 430 N.E.2d 1091; *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.

■ In the trial court, defendant objected to two of the five remarks alleged to be error on appeal. None of the remarks, however, was claimed as error in her post-trial motion. Thus, the issue of prosecutorial comment has been waived and may be considered as grounds for reversal only if plain error. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

■■ Concerning the parameters of proper argument, the prosecutor may denounce the accused, reflect upon the credibility of the

witnesses and urge the fearless administration of justice if based on facts in the record or inferences drawn fairly therefrom. (*People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301.) He may in like manner dwell on the evils of crime. (*People v. Cukojevic* (1981), 103 Ill. App. 3d 711, 431 N.E.2d 1154.) The entire record, particularly the full argument of both sides, must be considered on a case-by-case basis to assess the propriety of prosecutorial comment. (*People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301; *People v. Barnes* (1983), 117 Ill. App. 3d 965, 453 N.E.2d 1371.) Also, remarks generally considered improper are acceptable if invited by argument of defense counsel. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671; *People v. Sutton* (1977), 45 Ill. App. 3d 739, 359 N.E.2d 1132.) Moreover, improper prosecutorial remarks can be cured by instruction to the jury to disregard argument not based on the evidence and to consider instead only the evidence presented to it. (*People v. Perez* (1983), 113 Ill. App. 3d 143, 446 N.E.2d 1229; *People v. Trimble* (1975), 27 Ill. App. 3d 353, 326 N.E.2d 437.) Such comments will likewise not justify setting a conviction aside unless they resulted in substantial prejudice and were a material factor in the conviction. *People v. Barnes* (1983), 117 Ill. App. 3d 965, 453 N.E.2d 1371; *People v. Parker* (1979), 72 Ill. App. 3d 679, 391 N.E.2d 89.

■ Here, defendant first complains of the prosecutor's remark that either defendant or the police officers had to be lying. In *People v. Cole* (1980), 80 Ill. App. 3d 1105, 400 N.E.2d 931, a State's witness identified defendant as the perpetrator, and defendant presented an alibi. In this context, the prosecutor argued that to return a verdict of not guilty, the jury would have to find that all State's witnesses had lied. This comment was considered a sufficient basis for the reversal of defendant's conviction because the jury could have returned a verdict of acquittal while nonetheless believing that the identification witness was truthful, but had faulty recall, and that the other State's witnesses also told the truth. The holding in *People v. Cole* has been distinguished, however, where the testimony of the State's witness and defendant disagree on the occurrence of conduct where recall and opportunity to observe were not disputed issues. (*People v. Roman* (1981), 98 Ill. App. 3d 703, 424 N.E.2d 794.) In this context the prosecutor's comment that the jury would have to find that the State's witness was lying in order to acquit defendant was viewed as bordering on the edge of impropriety while not constituting plain error. We find the analysis in *People v. Roman* applicable to the instant remark.

The officers here testified that the bag was in defendant's lap when they arrived at the suspect vehicle. The police report also placed

the bag on defendant's lap. Defendant testified to the contrary that the bag was placed on the floor when she reentered the car, and it was not on her lap when police arrived. This is a direct conflict in the observation of conduct at close range. The bag was either on defendant's lap or the floor of the car when Officers Brier and Vondrak arrived. There are no issues related to powers of recall or inadequate opportunity to observe as in the case with identification of a person. Under the circumstances, we believe that the prosecutor merely commented on the evidence and inferences arising therefrom, and any impropriety in phrasing the remark did not constitute plain error. *People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091; *People v. Weatherspoon* (1978), 63 Ill. App. 3d 315, 379 N.E.2d 847.

■■ Second, defendant complains of the prosecutor's remarks that Officer Vondrak was attending law school, that he would not risk his future law license by lying and that the officer had a stake in telling the truth. Defendant concedes that the prosecutor may comment on credibility but argues that the remarks here exceeded proper bounds. We disagree. In *People v. Parker* the prosecutor in closing argument remarked that the assistant State's Attorneys and police officers would not risk their careers by conspiring to hide the truth from the jury. There the State's witnesses testified that defendant had a gun and others stated that he did not. Based on the record before it, the *Parker* court noted that such remark, while improper, was not of substantial magnitude and that the evidence presented to the jury was not inconclusive or improbable. Therefore, the remark did not require reversal of defendant's conviction.

Here, in opening argument defense counsel informed the jury that he would impeach the police officers' testimony by use of inconsistencies in their report. During cross-examination of the officers, defense counsel sought to do so and the officers explained that apparent inconsistencies were actually consistent. The officers' explanations were subsequently attacked by defense counsel in closing argument. The defense theory made the issue of police credibility the central issue at the trial, and the remarks complained of described the stake which the officers had in telling the truth while not bolstering their testimony with the integrity of the State's Attorney's office. While the prosecutor was overzealous on this point, the trial court foreclosed him from dwelling on the matter, and the remark does not, in our opinion, constitute reversible error even if it is considered improper. *People v. Weatherspoon* (1978), 63 Ill. App. 3d 315, 379 N.E.2d 847.

■■ Third, defendant complains of the prosecutor's remarks that the defense involved fog, invention and the throwing of mud hoping

that it would stick. Here, defense counsel, in his opening statement, indicated that evidence would be presented to the jury that the date in question was very rainy and foggy, limiting the officers' opportunity to observe events while the suspect car was under surveillance. Such evidence, however, was not produced. Moreover, defendant's trial testimony verified the accuracy of the policemen's long-range observations and disputed only their close-range observation that the bag was on her lap, to which climatic conditions were irrelevant. This was the context in which the fog, invention and probing to see if mud would stick remarks were made in the State's argument. Under the circumstances, we do not believe and do not perceive that the jury understood that defense counsel's integrity was being attacked. The variance between defense counsel's forecast in opening statement and the proof adduced at trial was a proper subject of comment regarding the weight of the evidence, and in any event the remark was invited. (*People v. Adams* (1985), 109 Ill. 2d 102, 485 N.E.2d 339; *People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091; *People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.) Moreover, any resulting prejudice was dissipated by the trial court's instruction to the jury to consider only the evidence presented, which does not include the arguments of counsel, and to disregard any remark by the attorneys which is not based on the evidence. *People v. Perez* (1983), 113 Ill. App. 3d 143, 446 N.E.2d 1229.

Fourth, defendant complains of the prosecutor's remark that the delivery of controlled substances is the root cause of the commission of other crimes such as robberies and burglaries. She further argues that the remark was highly prejudicial because two jurors admitted during *voir dire* to having been victims of such crimes. While prosecutors may not engage in argument calculated to inflame the passions of the jury, they may nonetheless, if based on inferences raised by the evidence, comment on the evils of crime and urge the fearless administration of justice. (*People v. Horne* (1984), 129 Ill. App. 3d 1066, 473 N.E.2d 465; *People v. Weatherspoon* (1978), 63 Ill. App. 3d 315, 379 N.E.2d 847.) At this point in history, the connection between the delivery of controlled substances and the proliferation of burglaries and robberies to obtain money to buy drugs is hardly a novel concept and is an inference raised by evidence that defendant picked up a large quantity of heroin for a known drug dealer and the trio had at their disposal packaging for numerous drug sales. However, to the extent the prosecutor may have exceeded proper bounds, we do not believe that such was plain error because the evidence here was neither so closely balanced nor the error of such magnitude that

a fair trial was denied. *People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091.

In weighing the evidence it is noted that both sides agreed that all elements of the crime charged were established except for knowledge. The officers' testimony, if believed, clearly demonstrated defendant's knowledge of the contents of the package which she picked up and transported for Wright. In addition, defendant chose to testify in her behalf and admitted she knew that Wright was a drug dealer and that she nonetheless transported a package for him on the assumption that he would not ask her to pick up drugs for him. Even though the package was not sealed, she made no attempt to ascertain its contents before delivering it to a drug dealer. The jury could have found that defendant's testimony supported rather than disputed the existence of her knowledge that she was transporting narcotics. Under the circumstances, evidence of defendant's knowing transportation of drugs was not closely balanced. Moreover, we do not believe the comment so far exceeded the prosecutor's right to dwell on the evils of crime based on the evidence and inferences therefrom that it denied defendant a fair trial.

■■ Fifth, defendant complains that the prosecutor's remarks that there is nothing magical about the State's burden of proof and that such standard is applied daily in all criminal cases improperly lessened the State's burden. To the contrary, the supreme court has found such remarks do not operate to lessen the State's burden. (*People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301.) Although the particular phrasing used by a prosecutor may exceed the bounds of what was held to be proper comment in *People v. Bryant* (*People v. Starks* (1983), 116 Ill. App. 3d 384, 451 N.E.2d 1298), such did not occur here.

■■ Defendant further argues that even if none of the above claims of error supports the reversal of her conviction, the cumulative effect of such errors does. We disagree. The record before us clearly does not contain the repeated instances of serious prosecutorial misconduct involved in the authority cited. *Cf. People v. Wilson* (1983), 120 Ill. App. 3d 950, 458 N.E.2d 1081; *People v. Starks* (1983), 116 Ill. App. 3d 384, 451 N.E.2d 1298; *People v. Ford* (1983), 113 Ill. App. 3d 659, 447 N.E.2d 564.

■■ Defendant's last contention is that the verdict must be set aside because the jury's deliberations were hastened. The supreme court has opined:

"A verdict should express the deliberate judgment of the jury. The jury, as well as the judge, has an independent duty to

perform, and he ought to be left free to pronounce his own conviction. A verdict hastened by the action of the judge, however worthy the motive, cannot be the result of that deliberation which the law guarantees. Remarks by a trial judge calculated to effect the rendition of a verdict without affording the jury an opportunity for careful consideration are unwarranted and often lead to great abuse. Whether the error is harmless or prejudicial depends upon the facts of the case." (*People v. Golub* (1929), 333 Ill. 554, 561, 165 N.E. 196.)

Moreover, a verdict will not be set aside because of communication between a juror and court personnel outside of the presence of the accused when it is apparent that no prejudice resulted from the exchange. *People v. Cart* (1981), 102 Ill. App. 3d 173, 429 N.E.2d 553.

▮▮ Here, after the jury had been deliberating for two hours, the trial court recited for the record that it was notified by security of the possibility of the presence of a bomb and that security requested that the jury be moved. Over defense objection, the trial court directed the sheriff to inquire whether the jury believed that a verdict could be reached within the next 10 minutes. The jurors reported that they were close to reaching a verdict. However, the jury was not asked for its numerical division or given any indication it should alter its deliberations from the manner earlier instructed. Moreover, they were not told of the bomb scare. The verdict was returned 25 minutes later. Under the circumstances, we find no coercion or undue hastening of the verdict. *People v. Griggs* (1984), 126 Ill. App. 3d 477, 467 N.E.2d 397; *People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1132.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McMORROW and JOHNSON, JJ., concur.