**Emmett POON, Jr., Defendant
Below, Appellant,**

v.

**STATE of Delaware, Plaintiff
Below, Appellee.**

No. 526,2004.

Supreme Court of Delaware.

Submitted: June 20, 2005.
Decided: July 28, 2005.

Bernard J. O'Donnell, of the Office of Public Defender, Wilmington, DE, for Appellant.

Timothy J. Donovan, Jr., of the Department of Justice, Wilmington, DE, for Appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

RIDGELY, Justice:

The defendant-appellant, Emmett Poon, Jr., was convicted following a jury trial in the Superior Court on two counts of attempted robbery in the first degree, possession of a firearm during the commission of a felony, burglary in the second degree, wearing a disguise during a felony, conspiracy in the second degree and endangering the welfare of a child. Poon argues in this appeal that there was insufficient evidence to show he possessed a firearm during the commission of a felony. We find that even though the testimony of eyewitnesses was in conflict, the evidence was sufficient to convict him on this charge. Accordingly, we affirm the judgment of the Superior Court.

### I.

The facts of this case surround a break-in at a residence located in Wilmington, Delaware. On an evening in March of 2003, Eboneak Watson was at her home, in the company of her friend, Niheim Samuels, her daughter, Amerah, and one of her daughter's playmates. At about 6:00 p.m., a woman and two men barged into her home. Each intruder was carrying a gun. The woman was the first to enter and pointed her gun at Watson's head. The two men followed and proceeded to bind Samuels with duct tape. The second male then demanded to know where the money was located, and both male intruders rushed upstairs to search. Not finding any money, the intruders bound Watson with duct tape.

As Watson was being bound, the mask of one male intruder slipped and Watson recognized him as Eric Rosa. After the intruders left, Watson was able to free herself and call the police. She reported Rosa as one of the perpetrators and the police arrested Rosa soon thereafter. A search warrant was executed on Rosa's home, but the police did not find any weapons or masks.

While Rosa was in custody, Poon contacted Watson's sister. He offered to provide Watson with a vehicle and money in return for her not pressing charges against Rosa. Several months after the arrest, Rosa began cooperating with the police and gave a statement implicating Poon as the other male intruder involved in the robbery.

During trial, both Rosa and Watson testified as to the events occurring on the night of the attempted robbery, yet neither could agree on the specific type of gun used by Poon. Rosa testified that Poon had used a "TEC–9," while Watson testified that Poon had used either a 9mm. or .45 cal. semi-automatic.

Poon moved to dismiss the firearm charge and argued that the conflicting testimony given by Rosa and Watson was insufficient evidence to find that he was in possession of an actual firearm. The trial court denied the motion based upon *O'Neil v. State* [1] and *Desmond v. State* [2] because the testimony of lay eyewitnesses provides sufficient evidence to allow the trier of fact to convict on such a charge. Poon was convicted and this appeal followed.

## II.

When a defendant challenges the sufficiency of the evidence to support a conviction, we review the evidence to determine whether a rational trier of fact, considering the evidence in the light most favorable to the prosecution, could find the essential elements of the offense beyond a reasonable doubt.[3] In doing so we do not distinguish between direct and circumstantial evidence.[4]

We also recognize that it is the sole province of the fact finder to determine witness credibility, resolve conflicts in testimony and draw any inferences from the proven facts.[5] The fact finder is free to reject all or part of any witness's testimony.[6] The fact finder need not believe even uncontroverted testimony.[7] We will not substitute our judgment for the fact finder's assessments in these areas.[8]

## III.

Title 11, Section 1447A(a) of the Delaware Code provides that "[a] person who is in possession of a firearm during the commission of a felony is guilty of possession of a firearm during the commission of a felony." [9] The General Assembly enacted this "statute to attempt to deter the availability of a weapon during the commission of a serious crime, in order to decrease the danger to victims. That is, the statute attempts to address the increase in the actual risk to victims." [10]

Poon contends that there was insufficient evidence to establish beyond a reasonable doubt that he was in possession of a firearm during the commission of the robbery in question. He bases his contention on the conflicting eyewitness testimonies of Watson and Rosa, which he claims

1.  691 A.2d 50 (Del.1997).

2.  654 A.2d 821 (Del.1994).

3.  *Hardin v. State*, 844 A.2d 982, 989 (Del. 2004) (citing *Cline v. State*, 720 A.2d 891, 892 (Del.1998) (footnote omitted)).

4.  *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990).

5.  *Chao v. State*, 604 A.2d 1351, 1363 (Del. 1992), *overruled on other grounds by Williams v. State*, 818 A.2d 906 (Del.2002) (citing *Pryor v. State*, 453 A.2d 98, 100 (Del.1982); *State v. Matushefske*, 215 A.2d 443, 446 (Del.Super.Ct.1965); *State v. Winsett*, 205 A.2d 510, 521 (Del.Super.Ct.1964)).

6.  *Id.* (citing *United States v. Luciano*, 343 F.2d 172, 173 (4th Cir.), *cert. denied*, 381 U.S. 945, 85 S.Ct. 1786, 14 L.Ed.2d 708 (1965)).

7.  *Lang v. Morant*, 867 A.2d 182, 186–87 (Del. 2005).

8.  *Styler v. State*, 417 A.2d 948, 950 (Del.1980) (citing *People v. Parker*, 72 Ill.App.3d 679, 28 Ill.Dec. 890, 391 N.E.2d 89, 90 (1979); *Hutchins v. State*, 153 A.2d 204, 207 (Del. 1959)).

9.  DEL. CODE ANN. tit. 11, § 1447A(a) (2005).

10. *Washington v. State*, 836 A.2d 485, 490–91 (Del.2003) (citing *LeCompte v. State*, 516 A.2d 898, 902 (Del.1986)).

failed to provide sufficient evidence to establish that the instrument in his possession was a firearm. Poon also bases his contention on the fact that there was no firearm recovered and admitted into evidence in this case. As a result, Poon claims that the trial court should have granted his motion to dismiss the firearm charge on the ground that there was insufficient evidence to find him guilty beyond a reasonable doubt on that offense.

■ A firearm is defined as "any weapon from which a shot ... may be discharged ... whether operable or inoperable, loaded or unloaded." [11] Given this broad definition, recovery and testing of a weapon to determine if it is operable is not required. In *Fortt v. State*,[12] a defendant's conviction of possessing a firearm during the commission of a felony was upheld solely on the testimony of the victim that the defendant had pointed a "gun" at her.[13] The testimony in this case is more specific, with two separate eyewitnesses not only stating that Poon used a gun, but the type of gun used. While there was conflicting testimony regarding the details of the weapon, it was the jury's prerogative to resolve these conflicts.[14] We must presume that the jury did so. Based on the record in this case, a rational trier of fact could find beyond a reasonable doubt that Poon possessed a firearm during the commission of a felony.

## IV.

The judgement of the Superior Court is affirmed.

---

11. DEL. CODE ANN. tit. 11, § 222(11) (2005).

12. 767 A.2d 799 (Del.2001).

13. *Id.* at 803.

14. *Chao,* 604 A.2d at 1363 (citing *Pryor,* 453 A.2d at 100; *Matushefske,* 215 A.2d at 446; *Winsett,* 205 A.2d at 521).