YOLANDA JETER, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 183, 2007.
Supreme Court of Delaware.
Submitted: October 3, 2007.
Decided: October 29, 2007.
Before HOLLAND, JACOBS and RIDGELY, Justices.
RANDY J. HOLLAND, Justice.
This 29th day of October, 2007, it appears to the Court that:
1) The defendant-appellant, Yolanda Jeter, was indicated on charges of Felony Shoplifting and Conspiracy in the Second Degree on October 16, 2006. A Superior Court jury convicted her of both counts in the indictment. Jeter was sentenced to fifty-five days at Level V for the Felony Shoplifting conviction. Jeter was also sentenced to one year at Level V, suspended for one year at Level II, for the Conspiracy in the Second Degree conviction. This is Jeter's direct appeal.
2) After the State presented its case-in-chief, Jeter moved for a judgment of acquittal which the Superior Court denied. The sole issue raised by Jeter on appeal is whether testimony that the total value of merchandise shoplifted by her was more than $1,000 is sufficient to support a conviction for Felony Shoplifting. In reviewing a challenge to the sufficiency of the evidence to support a conviction, we review the evidence to determine "whether a rational trier of fact, considering the evidence in the light most favorable to the prosecution, could find the essential elements of the offense beyond a reasonable doubt."[1] In conducting our appellate review, we are required to recognize that "it is the sole province of the fact finder to determine witness credibility, resolve conflicts in testimony and draw any inferences from the proven facts."[2]
3) On September 17, 2006, Kenneth Crawley was employed as a security guard with the Wal-Mart store located at 1251 Centerville Road in Wilmington. Jeter and Sylvette Wynn attracted Crawley's attention because of the large amount of merchandise they had in their carts and the way they were acting as they walked through the store. Following a standard store procedure to deter shoplifting, Crawley approached Jeter and Wynn to offer them some assistance. Jeter denied the offer.
4) According to Crawley, Jeter and Wynn "proceed[ed] to put more things in the cart." Crawley continued to observe Jeter and Wynn as the two women walked to the front of the store, passed the cash registers, and walked out of the store with items in their carts. Crawley did not see Jeter or Wynn pay for any of the items. As Jeter and Wynn exited the store, the merchandise set off the Sensormatic alarm system. Crawley approached the women and asked them to produce a receipt for the items in their carts. Neither Jeter nor Wynn could produce a receipt.
5) Crawley then escorted Jeter and Wynn back into the store and lead them to the "apprehension room." Once the women were in custody, Crawley inventoried the items in their carts. Crawley testified that he took the items "to a point of sale [i.e., a cash register] to be rung up on a training receipt. That's where we ring all that merchandise up in the cart and put it on the training receipt." Crawley gave the two training receipts to a police officer who responded to the report of shoplifting, Corporal Hahn.
6) Corporal Hahn confirmed that Crawley provided him with two sheets of paper listing the descriptions and prices of the items found in Jeter's and Wynn's carts. After he documented the total on the receipts in his police report, Corporal Hahn discarded the sheets as part of his personal standard operating procedure. The respective values from the two sheets were reflected in Corporal Hahn's report as $480.65 and $552.57. Corporal Hahn testified that the total amount that Jeter and Wynn stole was $1,033.22.
7) Shoplifting is a class G felony "when the goods, wares or merchandise shoplifted are of the value of $1,000 or more . . . ."[3] Value is defined as the "market value of the property at the time and place of the crime. . . ."[4] Jeter acknowledges that questions of value are matters of fact for the jury to determine.[5]
8) On appeal, Jeter contends that there was insufficient evidence to support that the value of the merchandise totaled over $1000 as required for a Felony Shoplifting conviction.[6] Jeter bases that contention on the fact that the two sheets Crawley provided to Corporal Hahn were not admitted into evidence because they were destroyed. Jeter also contends that Crawley's and Corporal Hahn's testimony was insufficient to allow a rational jury to find beyond a reasonable doubt that the value of the merchandise Jeter and Wynn shoplifted was more than $1,000 because the "items [she shoplifted] were never displayed to the jury, the value of the individual items was never displayed to the jury." As a result, Jeter claims that the value of the merchandise was not subject to challenge and that the jury had to accept the testimony of Crawley and Corporal Hahn as fact.
9) Jeter argues that the values listed on the sheets could have been disputed as incorrect if the two sheets had actually been admitted into evidence. In support of her argument, Jeter submits that the receipts should have been produced because "[t]he question of whether an item was incorrectly scanned, double or triple scanned or incorrectly read by the computer are all logical arguments that could have been presented. . . ." Jeter argues that possible inaccuracies in the receipts used to compute the total amount Jeter and Wynn shoplifted undermined the value of Crawley's and Hahn's testimony.
10) All of these arguments by Jeter, however, go to the weight of Crawley's and Hahn's testimony, not its admissibility.[7] The jury, as the sole judge of the facts, was free to accept or reject Crawley's and Corporal Hahn's testimony about the value of the merchandise.[8] On appeal, this Court will not disturb the credibility assessments that are inherent to a jury's findings of fact.[9]
11) There was sufficient evidence produced at trial to allow a rational jury to find beyond a reasonable doubt that the total value of merchandise Jeter shoplifted was more than $1,000. There was eyewitness testimony about the nature and amount of merchandise that Jeter and her co-conspirator shoplifted. There was also testimony that after the merchandise was recovered, a security guard inventoried the items and that the total amount that Jeter shoplifted was $1,033.22. When viewing the evidence presented in the light most favorable to the prosecution, a rational trier of fact could find that the value of the goods in Jeter's possession exceeded $1000. Accordingly, Jeter's conviction for Felony Shoplifting must be affirmed.
NOW, THEREFORE, IT IS HEREBY ORDERED that the judgments of the Superior Court are AFFIRMED.
NOTES
[1] Poon v. State, 880 A.2d 236, 238 (Del. 2005).
[2] Id.
[3] Del. Code Ann. tit. 11, § 840(d).
[4] Del. Code Ann. tit. 11, § 224(1).
[5] See Carello v. State, 2004 Del. LEXIS 498, *8 (Del. Nov. 1, 2004) (citing cases); Davis v. State, 453 A.2d 802, 803 (Del. 1982) ("Evidentiary testimony from the owner is permitted as the value of the property, as the owner is presumed cognizant of the market value.") (citations omitted).
[6] Del. Code Ann. tit. 11, § 840(d) (2006).
[7] See Davis v. State, 453 A.2d at 803 ("Defendant's contention that Jones' estimates [about the value of the stolen property] were inflated goes to the weight of her testimony, not whether the figures were properly admitted.").
[8] Cf. Warren v. State, 774 A.2d 246, 258 (Del. 2001); Pryor v. State, 453 A.2d 98, 100 (Del. 1982).
[9] See generally Poon v. State, 880 A.2d 236, 238 (Del. 2005) (footnote and citations omitted).