IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| LARRY D. MARVEL, | : | |
| | : | C.A. No. K14C-11-006 WLW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Upon consideration of Plaintiff's civil complaint, Motion to Proceed *In Forma Pauperis*, and the record in this case, it appears:

Larry D. Marvel (hereinafter "Plaintiff") filed a civil complaint and Motion to Proceed *In Forma Pauperis* with the Court on November 3, 2014. In the complaint, Plaintiff alleges that his Constitutional rights were violated by the State of Delaware based on the jury instructions from Plaintiff's criminal trial in May of 2006. He also believes his rights were violated by the State based on his denial of postconviction relief. Plaintiff is seeking compensatory and punitive damages totaling $11,000,000. Upon reviewing Plaintiff's *in forma pauperis* motion pursuant to 10 *Del. C.* § 8803 to determine whether the accompanying complaint is factually or legally frivolous, this Court concludes it is "legally frivolous" because it fails to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff filed his complaint on November 3, 2014 against the State of Delaware (hereinafter "the State") for breach of contract. In May 2006, the Plaintiff was found

guilty of Criminal Solicitation in the Second Degree and Conspiracy in the Second Degree. Plaintiff was sentenced to life in prison plus two (2) years at Level V. This is not the Plaintiff's first action against the State, as his litigious history is quite extensive. On September 18, 2007, the Delaware Supreme Court affirmed the Plaintiff's convictions.[1] Since 2006, Plaintiff filed federal petitions for habeas corpus relief[2], three (3) motions for correction of an illegal sentence, and previous motions for postconviction relief.

The Supreme Court of Delaware affirmed the Superior Court's denial of the first postconviction motion on September 10, 2008. Plaintiff again appealed and requested that under Superior Court Criminal Rule 61(i)(5), the Delaware Supreme Court appoint counsel so he may pursue his claims of ineffective assistance with respect to his 2006 trial. On August 23, 2013, the Delaware Supreme Court denied Plaintiff's second motion for postconviction relief on the ground that his appeal was without merit. The Delaware Supreme Court affirmed the State's motion and affirmed the judgment by the Superior Court. On March 13, 2014, the Delaware Supreme Court affirmed that Plaintiff's third motion for postconviction relief was dismissed because it was procedurally barred as untimely, previously adjudicated, and

---

[1] *Marvel v. State*, 935 A.2d 256 (Del. 2007).

[2] *Denied. Marvel v. Phelps,* 2012 WL 404629 (D.Del. Feb. 7, 2012) Defendant also filed a motion for reconsideration from the denial of the petition for writ of habeas corpus, which was subsequently denied. *Marvel v. Phelps,* 2013 WL 653956 (D.Del. Feb. 20, 2013).

repetitive.[3]   Lastly, The Delaware Supreme Court affirmed the Superior Court's denial of Plaintiff's fourth motion for postconviction relief on June 26, 2014, on the basis that it was procedurally barred.[4]   Further, the Supreme Court of the United States denied Plaintiff's petition for a writ of certiorari on September 5, 2013.

Plaintiff filed this civil complaint arguing a novel theory of breach of contract by the State of Delaware.  Plaintiff argues that he was denied due process with respect to the denial of his postconviction relief motions, and now files suit against the State, claiming the same facts as the basis for relief as he did in arguments previously adjudicated.  In the complaint, it appears that the Plaintiff is attempting to relitigate the claims enumerated in his various motions for postconviction relief already heard by the Delaware Supreme Court.

Plaintiff believes he is entitled to monetary damages, reasoning that the State of Delaware is inherently liable for breach of contract because his Constitutional rights have been violated, and believes any immunity afforded to the State pursuant to 10 *Del.C.* § 4001 is not applicable or has been waived.  Further, Plaintiff seeks a total of 1 million dollars in compensatory damages and 10 million dollars in punitive damages.

## STANDARD OF REVIEW

In determining whether a litigant may proceed *in forma pauperis,* a sworn

---

[3] *Marvel v. State*, 99 A.3d 227 (Del. 2014).

[4] *Id.*

affidavit addressing his ability to pay court costs or fees is required, and if the litigant is an inmate, a certification of the plaintiff's inmate account from the past six (6) months immediately preceding the filing of the complaint is also required.[5]  If a Plaintiff provides this information, then the Court may determine whether it should grant the *in forma pauperis* motion.[6]  Should the Court decide to grant the motion, its next step is to determine whether the complaint is factually frivolous, legally frivolous, or malicious.[7]  The purpose of this review "is to determine whether service of process will issue or the complaint will be dismissed as factually frivolous, malicious or legally frivolous.  All well-pled matters are accepted as true to determine whether ... [petitioner] can recover under any conceivable set of circumstances susceptible of proof under the complaint."[8]

If a complaint fails to state a claim upon which relief may be granted, then it is deemed legally frivolous.[9]  A complaint will be dismissed "if the Court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a pro se litigant, acting with due diligence, should

---

[5] 10 *Del. C.* § 8804(a).

[6] 10 *Del. C.* § 8802(b).

[7] 10 *Del. C.* § 8803(b).

[8] *Smith v. C.M.S. Medical System*, Del.Super., C.A. No. 98-02-248, Herlihy, J., at *1 (March 9, 1998).

[9] *Cannon v. McCreanor*, 2003 WL 943247 at *2 (Del. Super. Mar. 6, 2003) (*citing  Gibbs v. Hewes, Del.Super., C.A. No. 98C-03-294, Del Pesco, J. (April 16, 1998).*

have found well settled law disposing of the issue(s) raised."[10]  If the complaint is not frivolous, then service of process may be issued in order for the case to move forward.[11]

### Regarding Motion to Proceed *In Forma Pauperis*

The Plaintiff provided the necessary documentation in his motion to proceed *in forma pauperis*.  A sworn affidavit as 10 *Del.C.* § 8802 requires was included with the filing of the complaint, as well as bank account information for the Plaintiff. Plaintiff sufficiently established that he is indigent.

### DISCUSSION

When the Court dismisses an indigent plaintiff's complaint as legally frivolous, it is "limited to screening out only those claims that are based on an indisputably meritless legal theory."[12]   Setting aside for the moment that the Plaintiff must overcome the burden of showing the State is not qualified to receive sovereign immunity, all of the claims enumerated by Plaintiff pertain to previously litigated matters.  Plaintiff's claims revolve around the belief that he was entitled to counsel during the postconviction relief proceedings, and that the jury was unfairly instructed during his trial (this was the subject of Plaintiff's third postconviction motion). Plaintiff's claims are meritless as they have already been adjudicated by the Delaware

---

[10] *Supra* note 7.

[11] 10 *Del. C.* § 8803(c).

[12] *Deputy v. Dr. Conlan*, 947 A.2d 1121 (Del. 2007).

Supreme Court.

Even if Plaintiff's claims were not legally frivolous, they are still asserted against the State of Delaware, and the Plaintiff needs to prove that the State has waived any immunity. The doctrine of sovereign immunity, one long-recognized at common law, provides that the State and its instrumentalities cannot be sued without the State's consent.[13] The doctrine extends to employees of the State acting in their official capacities.[14] The only way in which this immunity may be waived is by an express act of the Delaware General Assembly.[15] The Plaintiff fails to cite any act of the General Assembly to suggest that immunity has been waived.

## CONCLUSION

The Defendant's Motion to Proceed *In Forma Pauperis* is **granted** and the civil compliant is **dismissed**.

IT IS SO ORDERED this 8th day of December, 2014.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[13] DEL. CONST. ART. I, § 9. See also *Doe v. Cates*, 499 A.2d 1175 (Del. 1985).

[14] *Simon v. Heald*, 359 A.2d 666 (Del. Super. 1976).

[15] *Doe v. Cates*, 499 A.2d 1175 at*1176 (Del. 1985).