# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **CHARLES J. DEROSE**, | ) | |
| | ) | |
| **Defendant-Below,** | ) | |
| **Appellant** | ) | |
| | ) | |
| v. | ) | **ID. No. 1210014598** |
| | ) | |
| | ) | |
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **Plaintiff-Below,** | ) | |
| **Appellee.** | ) | |

Submitted: January 4, 2016
Decided: January 8, 2016

## ORDER

*Upon Appeal from the Court of Common Pleas of the State of Delaware*
*in and for New Castle County,*
**AFFIRMED**

This 8th day of January, 2016, upon consideration of the Appellant Charles J.Derose's brief filed under Supreme Court Rule 26(c) ("Rule 26(c)") (made applicable to here via Superior Court Criminal Rule 57(d))[1], his attorney's motion to withdraw, the State's response, and the record in this case, it appears to the Court that:

---

[1]    Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

(1)     The defendant, Charles DeRose, was charged by Information in the Court of Common Pleas with one count of Driving Under the Influence of Alcohol on November 4, 2014.

(2)     The evidence at trial demonstrated that late in the evening of September 22, 2012, a witness, John Joswick, observed DeRose driving his vehicle at a high rate of speed on East Ayre Street in Wilmington, Delaware.[2] DeRose failed to stop at a stop sign, hit the curb on the right side of the road, and then hit a car parked on the sidewalk on the left side of the road.[3]  The impact pushed the parked vehicle into two other parked vehicles.[4] Mr. Joswick stated that when he checked on him, DeRose was incoherent and smelled very strongly of alcohol.[5] New Castle County Police Officer Maura Schultz testified that she found multiple open and empty beer bottles in DeRose's vehicle.[6]  And when Officer Schultz interviewed him at the hospital, DeRose smelled of alcohol.[7]

(3)     Following a jury trial in the Court of Common Pleas, DeRose was found guilty of Driving Under the Influence of Alcohol.  DeRose's defense at trial

---

[2]     *See* C.C.P. Trial Tr. at 30, 37-38.

[3]     *Id.* at 30, 32-33.

[4]     *Id.* at 34.

[5]     *Id.* at 35-36.

[6]     *Id.* at 21-22.

[7]     *Id.* at 23.

was that his brakes may have failed, that he blacked out and suffered memory loss of the crash. This is DeRose's direct appeal.

(4) This Court takes criminal appeals from the Court of Common Pleas.[8] Such appeals are "reviewed on the record," not "tried de novo."[9] In that way, this Court "functions in the same manner as the Supreme Court, in its position as an intermediate appellate court, when considering an appeal from the Court of Common Pleas."[10]

(5) DeRose's counsel on appeal ("Counsel") has filed a brief and motion to withdraw pursuant to Supreme Court Rule 26(c). Counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues.

(6) When considering a brief filed pursuant to Rule 26(c), the Court must be satisfied that defense counsel made a conscientious examination of the record and the law for claims that could arguably support the appeal.[11] The Court must also conduct its own review of the record and determine whether the appeal is so

---

[8] DEL. CODE ANN. tit 11, § 5301(c) (2015).

[9] *Id.*

[10] *Layne v. State*, 2006 WL 3026236, at *1 (Del. Super. Ct. Sept. 26, 2006) (citing *Dickens v. State*, 2003 WL 22172737, at *3 (Del. Super. Ct. July 11, 2003)); *see also Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985) (Superior Court function as intermediate appellate court is basically the same as the Supreme Court).

[11] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[12]

(7)   DeRose filed his notice of appeal to this Court on August 4, 2015. Counsel filed a motion to withdraw with an accompanying brief and appendix pursuant to Supreme Court Rule 26(c) on December 8, 2015.[13]DeRose was informed that he had a right to respond to the motion to withdraw and to supplement the Rule 26(c) brief.

(8)   DeRose's supplement to the opening brief challenges the sufficiency of the evidence.  Specifically, DeRose claims that Mr. Joswick and Officer Shultz were biased and that their trial testimony was inconsistent.  The State has responded to DeRose's claims as well as the position taken by Counsel.  The Court treats the State's response as a motion to affirm the Court of Common Pleas's judgment.

(9)   When reviewing a claim of insufficient evidence, this Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[14]  When making that determination the Court

---

[12]    *Id.*

[13]    The appendix includes a copy of the complete trial transcript.

[14]    *Poon v. State*, 880 A.2d 236, 238 (Del. 2005).

makes no distinction between direct and circumstantial evidence.[15] Moreover, when the determination of facts turns on a question of credibility of a witness, this Court will not substitute its opinion for that of the trier of fact.[16]

(10) DeRosewas charged with and convicted of Driving a Vehicle Under the Influence of Alcohol in violation of title 21, Section 4177(a)(1) of the Delaware Code.[17]Under § 4177(a)(1), "[n]o person shall drive a vehicle . . . when the person is under the influence of alcohol."[18]The State, therefore, had the burden to prove two elements: 1) that the defendant was driving; and 2) that the defendant was under the influence of alcohol while driving.[19] Under Delaware law one drives "while under the influence" when "the person is, because of alcohol . . . less able than the person would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle."[20] In this case, the evidence adduced at trial clearly was sufficient to sustain DeRose's conviction. The jury was solely responsible for judging the

---

[15]    *Id*. (citing *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990)).

[16]    *Id.*

[17]    *See*DEL. CODE ANN. tit. 21, § 4177(a)(1) (2012) (governing driving a vehicle under the influence).

[18]    Del. Code Ann. tit 21, § 4177(a)(1) (2013).

[19]    *Church v. State*, 2010 WL 5342963, at *2 (Del. Dec. 22, 2010).

[20]    Del. Code Ann. tit 21, § 4177(c)(10) (2013).

credibility of the witnesses and resolving conflicts in the testimony.[21]   It was entirely within the jury's purview to credit the trial testimony of Joswick and Officer Schultz regarding DeRose's physical and mental state at the time of his accident.[22]

(11)   After carefully reviewing the record, the Court has concluded that DeRose's appeal is wholly without merit and devoid of any arguably appealable issue.  The Court is satisfied that Counsel made a conscientious effort to examine the record and properly determined that DeRose could not raise a meritorious claim in this appeal.

**NOW THEREFORE**, **IT IS ORDERED** that the State's motion to affirm is **GRANTED**.  The judgment of the Court of Common Pleas is **AFFIRMED**. The motion to withdraw is **MOOT**.

**SO ORDERED this 8ᵗʰ day of January, 2016.**

_____
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc:    Kester I.H. Crosse, Esquire
       Amanda J. DiLiberto, Deputy Attorney General

---

[21]    *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980).

[22]    *Kelly v. State*, 2005 WL 940899, at *1 (Del. Apr. 22, 2005) (citing *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980)).